IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:22CR 386 -1 |
| v. | : | |
| SAMUEL WALLACE GOSS, III | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, SAMUEL WALLACE GOSS, III, in his own person and through his attorney, Thomas K. Maher, and state as follows:

1. The defendant, SAMUEL WALLACE GOSS, III, is presently under Superseding Indictment in case number 1:22CR313-1, which charges him with a violation of Title 18, United States Code, Sections 922(g)(1) and (3) and 924(a)(8), felon in possession of ammunition while being a user of controlled substances.

2. The defendant, SAMUEL WALLACE GOSS, III, is also charged by Information in case number 1:22CR 386 -1, which charges him with a violation of Title 21, United States Code, Section 844(a), simple possession of a quantity of a mixture and substance containing a detectable amount of methamphetamine.

3. The defendant, SAMUEL WALLACE GOSS, III, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, SAMUEL WALLACE GOSS, III, understands that any person who commits the offense for which he is pleading guilty to after two or more prior convictions for any drug, narcotic, or chemical offense chargeable under the law of any State, or a combination of two or more such offenses have become final, shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, SAMUEL WALLACE GOSS, III, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Any sentence imposing a term of imprisonment shall impose

a term of supervised release of not more than one year in addition to such term of imprisonment.

        b.     The defendant, SAMUEL WALLACE GOSS, III, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In doing so, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a), before imposing the sentence.

        c.     The defendant, SAMUEL WALLACE GOSS, III, further understands that, if he is not a citizen of the United States, entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, SAMUEL WALLACE GOSS, III, nevertheless wishes to enter a voluntary plea of guilty irrespective of any immigration consequences his guilty plea might entail, even if such consequence might include automatic

removal and possibly permanent exclusion from the United States. The defendant, SAMUEL WALLACE GOSS, III, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

4. By voluntarily pleading guilty to the Information herein, the defendant, SAMUEL WALLACE GOSS, III, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

5. The defendant, SAMUEL WALLACE GOSS, III, is going to plead guilty to the Information herein because he is, in fact, guilty and not because of any threats or promises.

6. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, SAMUEL WALLACE GOSS, III, to the Information herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the Superseding Indictment in case number

1:22CR313-1 as to the defendant, SAMUEL WALLACE GOSS, III. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b.    The defendant, SAMUEL WALLACE GOSS, III, agrees that, prior to the offense to which he is pleading guilty, SAMUEL WALLACE GOSS, III, had two prior convictions for drug, narcotic, or chemical offenses chargeable under the law of any State as alleged in the Information.

    c.    It is further agreed that the defendant, SAMUEL WALLACE GOSS, III, will waive in open court prosecution by indictment and consent to be charged in an information.

    d.    It is further agreed that upon the acceptance by the Court of a guilty plea by the defendant, SAMUEL WALLACE GOSS, III, to the Information, the United States of America and the defendant SAMUEL WALLACE GOSS, III, agree that a sentence of three years is the appropriate disposition of the case. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. It is further understood that should the Court reject this portion of the Plea Agreement, the defendant shall have the opportunity to withdraw his guilty plea to the Indictment herein, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure.

e. The defendant, SAMUEL WALLACE GOSS, III, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, SAMUEL WALLACE GOSS, III, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

f. The defendant, SAMUEL WALLACE GOSS, III, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

g. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, SAMUEL WALLACE GOSS, III, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, SAMUEL WALLACE GOSS, III, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such

6

conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

7. The defendant, SAMUEL WALLACE GOSS, III, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, SAMUEL WALLACE GOSS, III, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, SAMUEL WALLACE GOSS, III, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, SAMUEL WALLACE GOSS, III, further understands and agrees that pursuant to Title 18, United States Code, Section

7

3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8

Case 1:22-cr-00386-UA Document 1 Filed 12/06/22 Page 8 of 9

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This, the __6th__ day of __December__, 2022.

SANDRA J. HAIRSTON  
United States Attorney

THOMAS K. MAHER  
Attorney for Defendant

KYLE D. POUSSON  
NCSB #38437  
Assistant United States Attorney  
101 S. Edgeworth St., 4th Flr.  
Greensboro, NC 27401  
336/333-5351

SAMUEL WALLACE GOSS, III  
Defendant

__MAD__